**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**JAMES THOMPSON** — **CIVIL ACTION NO.:______________**

**VERSUS** — **JUDGE DEE DRELL**

**KENNETH HEDRICK, INDIVIDUALLY AND AS SHERIFF OF CONCORDIA PARISH, CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK, CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS DEPUTY SHERIFFS FOR THE CONCORDIA PARISH SHERIFF'S DEPARTMENT** — **MAGISTRATE JOSEPH PEREZ-MONTES**

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, **JAMES THOMPSON**, a resident of and domiciled in the Parish of Rapides, State of Louisiana, to wit:

1.

Made defendants herein are the following:

1. **CONCORDIA PARISH SHERIFF KENNETH HEDRICK**, a person of the full age of majority and domiciled in the Parish of Concordia, State of Louisiana, made defendant herein individually and in his official capacity as Sheriff for the Parish of Concordia, who can be served at 4001 Carter Street, Room 7, Vidalia, Louisiana 71373.

2. **CONCORDIA PARISH DEPUTY SHERIFF BROWN**, a person of the full age of majority and domiciled in the Parish of Concordia, State of Louisiana, made defendant herein individually and in his official capacity as a deputy

sheriff for the Concordia Parish Sheriff's Department, who can be served at 4001 Carter Street, Room 7, Vidalia, Louisiana 71373.

3. **CONCORDIA PARISH DEPUTY SHERIFF BROCK**, a person of the full age of majority and domiciled in the Parish of Concordia, State of Louisiana, made defendant herein individually and in his official capacity as a deputy sheriff for the Concordia Parish Sheriff's Department, who can be served at 4001 Carter Street, Room 7, Vidalia, Louisiana 71373.

4. **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, a person of the full age of majority and domiciled in the Parish of Concordia, State of Louisiana, made defendant herein individually and in her official capacity as a deputy sheriff for the Concordia Parish Sheriff's Department, who can be served at 4001 Carter Street, Room 7, Vidalia, Louisiana 71373.

2.

This Honorable Court has jurisdiction to hear and determine this matter under federal and Louisiana law.

3.

Venue is proper in this Honorable Court since all parties reside in the Western District.

4.

Plaintiff, **JAMES THOMPSON**, is pursuing claims under the state and federal law.

5.

Plaintiff, **JAMES THOMPSON**, has a history of high blood pressure, acid reflux and asthma and takes daily medications for those conditions.

6.

According to plaintiff, **JAMES THOMPSON**, on July 9, 2016, he was arrested in the City of Alexandria, Parish of Rapides, State of Louisiana, by his parole officer,

Desiree Mubarak, due to suspected parole violations which included (1) the failure to refrain from criminal activity, (2) failure to submit to drug testing and (3) timely payment of supervision fees.

7.

On July 11, 2016, a probation revocation hearing was held wherein plaintiff, **JAMES THOMPSON**, pled guilty as a technical violator and was sentenced to serve ninety (90) days.

8.

Following the revocation hearing, plaintiff, **JAMES THOMPSON**, was incarcerated in the Rapides Parish Detention Center for approximately one (1) week.

9.

During his entire stay at the Rapides Parish Detention Center, plaintiff, **JAMES THOMPSON**, was administered his daily medications by his parole officer, Desiree Mubarak, without any issues.

10.

Plaintiff, **JAMES THOMPSON**, was eventually transferred to the Concordia Parish Correctional Facility, which is located at 26356 La. Highway 15, Ferriday, Louisiana 71334.

11.

Upon arrival at Concordia Parish Correctional Facility, plaintiff, **JAMES THOMPSON**, inquired about his medications and was initially told by a staff member that they were with his belongings.

12.

Plaintiff, **JAMES THOMPSON**, thoroughly searched his belongings and did not find his medications.

13.

Plaintiff, **JAMES THOMPSON**, again asked for his medications because he had not taken them in a couple of days and he felt that his blood pressure was elevated.

14.

In response, an unknown staff member of the Concordia Parish Correctional Facility stated that his medication was never received by the facility.

15.

For the next several days, plaintiff, **JAMES THOMPSON**, repeatedly asked for his medications to no avail.

16.

Plaintiff, **JAMES THOMPSON**, was then transferred to the Concordia Parish Work Release Facility, which is located at Highway 5223 U.S. Highway 84, Vidalia, Louisiana 71373, to begin his rehabilitation program.

17.

Shortly after his arrival at the work release facility, he again asked for his medications without any success.

18.

By this time, plaintiff, **JAMES THOMPSON**, had a constant dull headache and was extremely worried about his overall health.

19.

Eventually, plaintiff, **JAMES THOMPSON**, was assessed by defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, a nurse, who gave him ibuprofen, an unidentified blood pressure pill, which did not resemble his usual medication, and acid reflux medication.

20.

The medication provided some relief; however, plaintiff, **JAMES THOMPSON**, wanted his prescribed medications and suggested to defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, that his pharmacy records be pulled from any CVS Pharmacy to get the names of his medications and primary physicians; defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, ignored the recommendation.

21.

Plaintiff, **JAMES THOMPSON**, even recommended that defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, contact the Rapides Parish Detention Center to see if his medications were inadvertently left behind; defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, also ignored that suggestion.

22.

While at the Concordia Parish Work Release Facility, Highway 5223 U.S. Highway 84, Vidalia, Louisiana 71373, plaintiff, **JAMES THOMPSON**, received asthma treatment two (2) times a day and that his blood pressure was checked three (3) times a day.

23.

The asthma treatment was effective but his blood pressure was elevated at every check; however defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, did not believe plaintiff, **JAMES THOMPSON**, needed his prescribed high blood pressure medication.

24.

For the next few weeks, plaintiff, **JAMES THOMPSON**, took the wrong medication and constantly complained to defendant, **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, that his blood pressure was still elevated.

25.

On August 14, 2016, plaintiff, **JAMES THOMPSON**, began having chest pains and informed defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROWN**, that he believed he was having a heart attack and needed to go to the hospital immediately.

26.

Defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROWN**, refuted the claim and responded by saying that plaintiff, **JAMES THOMPSON**, needed a nebulizer treatment.

27.

Immediately thereafter, plaintiff, **JAMES THOMPSON**, lost his bowels and asked defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROWN**, to assist in getting him into the restroom, which defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROWN**, refused to do.

28.

Defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROCK**, witnessed the incident and instead of calling 911, defendant, **CONCORDIA PARISH DEPUTY SHERIFF BROCK**, transported plaintiff, **JAMES THOMPSON**, to Riverland Medical Center, 1700 EE Wallace Boulevard, Ferriday, Louisiana 71334.

29.

After being assessed at the Riverland Medical Center and realizing the facility lacked the staff to deal with the suspected heart attack, plaintiff, **JAMES THOMPSON**, was immediately transferred to Rapides Regional Medical Center, 211 Fourth Street, Alexandria, Louisiana 71301.

30.

Plaintiff, **JAMES THOMPSON**, remained hospitalized at Rapides Regional Medical Center for the next six (6) days; it was determined that plaintiff, **JAMES THOMPSON**, had a heart attack due to him not taking the proper medication.

31.

The Parish of Concordia, State of Louisiana, utilizes or employs its own law enforcement agency known as the Concordia Parish Sheriff's Department; defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**, at all times relevant before, during and after this incident, was the responsible decision maker and policy maker for the Concordia Parish Sheriff's Department.

32.

The incident sued upon occurred in the Parish of Concordia, State of Louisiana and the exclusive territorial jurisdiction of the Concordia Parish Sheriff's Department.

33.

At all times material herein, defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**, employed defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, as full-time sheriff deputies for the Concordia Parish Sheriff's Department.

34.

Plaintiff, **JAMES THOMPSON**, shows that his need for proper medical attention was ignored by defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**.

35.

Plaintiff shows that the acts of defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, were tortuous, criminal, fraudulent, malicious, intentional, willful, outrageous, reckless and flagrant, therefore, defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**, is liable under La. R.S. 9:2798.1 for all damages sustained by plaintiff.

36.

Plaintiff, **JAMES THOMPSON**, asserts that defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, at all times herein,

were acting during the course and scope of their employment for defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**, and all acts are imputed to defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**.

37.

Plaintiff, **JAMES THOMPSON**, is asserting causes of actions under Eighth Amendment and under 42 U.S.C. § 1983 because defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, showed a deliberate indifference to his serious medical needs.

38.

Plaintiff, **JAMES THOMPSON**, is seeking damages for the following:

1. violation of his Eighth Amendment rights of the United States Constitution;
2. embarrassment: past, present and future;
3. humiliation: past, present and future;
4. intentional infliction of emotional distress;
5. mental anguish: past, present and future;
6. Aggravation: past, present and future;
7. Injury to reputation: past, present and future;
8. Emotional distress: past, present and future;
9. Pain and suffering: past, present and future; and
10. Future medical treatment.

39.

As for the claims under 42 U.S.C. § 1983, plaintiff, **JAMES THOMPSON**, is asserting claims against defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, in their personal capacities.

40.

As for the claims under 42 U.S.C. § 1983, plaintiff, **JAMES THOMPSON**, is asserting defendant, **KENNETH HEDRICK, SHERIFF OF CONCORDIA PARISH**, is liable for the actions of defendants, **CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK** and **CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN**, due to lack of training.

41.

Plaintiff, **JAMES THOMPSON**, requests trial by jury on all causes of action alleged herein.

**WHEREFORE**, **PLAINTIFF**, **JAMES THOMPSON**, prays that defendants, **KENNETH HEDRICK, INDIVIDUALLY AND AS SHERIFF OF CONCORDIA PARISH, CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK, CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS DEPUTY SHERIFFS FOR THE CONCORDIA PARISH SHERIFF'S DEPARTMENT**, be duly served with copies of this petition and cited to answer same and that after all due proceedings had, there be judgment in favor of plaintiff, **JAMES THOMPSON**, and against defendants, **KENNETH HEDRICK, INDIVIDUALLY AND AS SHERIFF OF CONCORDIA PARISH, CONCORDIA PARISH DEPUTY SHERIFF BROWN, CONCORDIA PARISH DEPUTY SHERIFF BROCK, CONCORDIA PARISH DEPUTY SHERIFF DEBORAH TOWAN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS DEPUTY SHERIFFS FOR THE CONCORDIA PARISH SHERIFF'S**

**DEPARTMENT**, jointly, severally and in an amount to be determined by this Honorable Court for violating the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983, plus court costs.

Respectfully submitted,

**LAW OFFICE OF MALCOLM X. LARVADAIN**

By: s/Malcolm X. Larvadain
Malcolm X. Larvadain, La. Bar # 26,066
**ATTORNEY FOR PLAINTIFF**
626 Eighth Street
Alexandria, Louisiana 71301
TEL. (318) 445-3533
FAX. (318) 445-4030